(Reap. Dec. 9734)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. WH 71095, etc.

(Decided June 29, 1960)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement enumerated on the attached schedule have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value on or about the dates of exportation to the United States of the merchandise covered by Minami Sangyo Co. Ltd. invoices and/or Nanri Trading Co. Ltd. invoices embraced by the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was, as defined in Section 402(d) of the Tariff Act of 1930, the f.o.b. invoice prices exclusive of buying commission as stated on the invoices herein.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof are limited to Minami Sangyo Co. Ltd. invoices and/or Nanri Trading Co. Ltd. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof may be submitted on the foregoing stipulation.

On the agreed facts, I find that the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise covered by the Minami Sangyo Co., Ltd., and/or the Nanri Trading Co., Ltd., invoices embraced by these appeals and that such value is the f.o.b. invoice prices, exclusive of buying commission, as stated on the invoices.

As to all other merchandise and in all other respects, the appeals, having been abandoned, will be dismissed.

Judgment will be rendered accordingly.